**WILLIAM BURNHAM, #270119,**

        **Petitioner,**

                                    **Case No: 04-CV-72784-DT**
                                    **Honorable Victoria A. Roberts**
                                    **Magistrate Judge Steven D. Pepe**

**v.**

**DOUGLAS VASBINDER[1],**

        **Respondent.**

_____

**OPINION & ORDER DENYING**
**PETITION FOR WRIT OF HABEAS CORPUS**

## I.  Introduction

    This matter is before the Court on Petitioner, William Burnham's, *pro se* "Application for Writ of Habeas Corpus" pursuant to 28 U.S.C. §2254.  Petitioner claims that he is incarcerated in violation of his constitutional rights and raises the issue of whether his sentence of imprisonment was proper.  Respondent argues that Petitioner's claim does not state a habeas claim upon which relief can be granted.  For the reasons set forth below, the Court will deny Petitioner's request for habeas relief.

## II.  Statement of Facts

    Petitioner pled guilty to engaging in oral and vaginal sex with the ten year old complainant between 1998 and 1999.

---

[1]Petitioner was incarcerated at G. Robert Cotton Correctional Facility when his habeas petition was filed.  Douglas Vasbinder was and still is the warden of that facility.  Petitioner is now being housed at the Oaks Correctional Facility with Cindi S. Curtin serving as warden.

## III.  Procedural History

Following a guilty plea, on February 14, 2002, Petitioner was convicted of failing to register as a sex offender (second offense) and third-degree criminal sexual conduct.  Petitioner was sentenced to concurrent prison terms of twenty months to seven years for failing to register as a sex offender and eight and one half to fifteen years for third-degree criminal sexual conduct. Petitioner filed a delayed application for leave to appeal raising the following two issues: (1) whether the trial court violated his due process rights by improperly scoring OV-13 of the sentencing guidelines for the charge of failing to register as a sex offender, where Petitioner's failure to register was not part of a pattern of felonious criminal activity involving three or more crimes against a person; and (2) whether the trial court violated Petitioner's due process rights at sentencing for third-degree criminal sexual conduct by failing to properly consider mitigating evidence including Petitioner's mental health background and the timing of the charges following Petitioner's release from prison.

The Michigan Court of Appeals affirmed Petitioner's conviction.  *People v. Burnham,* No: 247996 (Mich. App. May 19, 2003).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same two issues and relief was denied.  *People v. Burnham,* 469 Mich. 971; 671 N.W.2d 878 (Table) Mich. Sup. Ct. No. 124193 (November 24, 2003).

On July 28, 2004, Petitioner filed the habeas petition presently before the Court raising the same issues set forth above.

## IV.  Standard of Review

Petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on the merits -

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. §2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme ] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413

"[A]n unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410. "[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.

## V.  Discussion

### A.  Petitioner's Sentence

#### 1.  *Scoring of Offense Variable 13*

For the offense of failing to register as a sex offender (second offense), for sentencing purposes, Petitioner was scored at twenty-five points. Petitioner states that this score would be proper if his failure to register as a sex offender was part of a pattern of felonious criminal activity involving three or more crimes against the complainant. However, Petitioner claims that his failure to register as a sex offender (second offense) is not itself a part of a pattern of felonious criminal activity, as he did not consciously and knowingly intend to disregard registering as a sex offender

so that he could commit these criminal sexual conduct offenses. Therefore, Petitioner claims that the trial court incorrectly scored his sentence under the Michigan sentencing guidelines.

Petitioner has no basis for habeas relief on his sentencing guidelines claim. As a general matter, a habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *Austin v. Jackson,* 213 F.3d 298, 301 (6th Cir. 2000). Even if the state court did miscalculate the guidelines, Petitioner is not entitled to relief from this Court. "Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Israfil v. Russell,* 276 F.3d 768, 771 (6th Cir. 2001). Therefore, federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. See *Estelle McGuire,* 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections,* 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner has not demonstrated any fundamental fairness deprivation.

Moreover, even if this claim is cognizable upon habeas review, Petitioner has not shown that the Michigan Court of Appeals' decision that Offense Variable 13 was properly scored is contrary to Supreme Court precedent or an unreasonable application of the law of the facts, which is the standard that must be met in order to receive habeas relief in this matter. The record supports the basis upon which Petitioner was scored twenty-five relative to Offense Variable 13, as there were other convictions and other criminal sexual conduct acts for which there were no convictions that were arguably tied to Petitioner's failure to register as a sex offender. Consequently, no habeas relief can be granted relative to this claim.

### 2. Mitigating Circumstances

Petitioner maintains that the trial court did not take into consideration his mental health challenges as a mitigating circumstance when his sentence was imposed. Petitioner's related

sentencing violation claim that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf fails to state a claim upon which habeas relief can be granted because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill,* 252 F.3d 1066, 1069 (9th Cir. 2001). Because Petitioner had no constitutional right to an individualized sentence, no constitutional error occurred as a result of the state trial court's alleged failure to consider mitigating evidence on his behalf at sentencing. *Hastings v. Yukins,* 194 F.Supp.2d 659, 673 (E.D. Mich. 2002).

Moreover, the record supports that the trial court took Petitioner's history into consideration when he was sentenced. The trial court made the following statements during the sentencing hearing:

> [T]he defendant . . . before the Court is an individual who has no more than a ninth grade education.
>
> I really don't know what Mr. Burnham's IQ is. I suspect that it's the lower end of the spectrum, maybe somewhere in the 80 range. Coming from a broken home, sexually abused as a child, psychological problems, mental problems.
>
> I mean, it's just an everyday experience in the course of this state with the criminal justice system, the [p]eople that we're dealing with have difficult times.
>
> But Mr. Burnham, if there's one thing that pierces through all of this is somehow you're one step ahead of your victims.
>
> In this case, you know you were having sexual relations with a girl who is 10 years old, and probably I suspect had no idea what was really going on.

(Sentencing Transcript, 2/14/02, pp. 31-32). Therefore, the trial court was aware of Petitioner's educational, psychological and social history prior to imposing sentence. Accordingly, Petitioner is not entitled to relief on this claim.

### *3. Proportionality of Sentence*

To the extent that Petitioner challenges the length of his third-degree criminal sexual conduct sentence, his argument also fails. Petitioner was sentenced to a term of eight and one half years to fifteen years. Pursuant to MCL §750.520d(2) the statutory maximum for this offense is fifteen years. A sentence within the statutory limits is not generally subject to habeas review. *Townsend v. Burke,* 334 U.S. 736, 741 (1948); see also *Robinson v. Stegall,* 157 F.Supp.2d 802, 823 (E.D. Mich. 2001). Additionally, as previously stated, habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire,* 502 U.S. at 67-68. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. See *Oviedo v. Jago,* 809 F.2d 326, 328 (6th Cir. 1987).

## VI. <u>Conclusion</u>

Accordingly,

IT IS ORDERED that Petitioner's "Application for Writ of Habeas Corpus" **[Doc. 1-1, filed July 28, 2004]** is **DENIED.**

IT IS FURTHER ORDERED that the habeas petition is **DISMISSED WITH PREJUDICE**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 17, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record and William Burnham by electronic means or U.S. Mail on September 17, 2007.

s/Linda Vertriest
Deputy Clerk

---